## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **RADAIR, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| **ALASKA AIRLINES, INC.,** | ) | |
| Serve: Corporation Service Company | ) | |
| 2908 Poston Ave | ) | |
| Nashville, TN 37203-1312 | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Comes the Plaintiff RadAir, LLC, and for its Complaint against the Defendant Alaska Airlines, Inc., states, avers and alleges upon information and belief, as follows:

### The Parties

1.    The Plaintiff, RadAir, LLC ("RadAir"), is a foreign limited liability company organized under the laws of Nevada with a principal address at 880 N. Hills Blvd, Suite 505, Reno, Nevada 89506-5710.

2.    The Defendant, Alaska Airlines, Inc. ("Defendant"), is a foreign corporation organized under the laws of Alaska with a principal address at 1 Terminal Dr., Suite 404, Nashville, Tennessee 37214-4110.

### Jurisdiction

3.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

4. This Court has personal jurisdiction over Defendant. Defendant transacts business within the State of Tennessee, with Defendant having registered with the Tennessee Secretary of State and having established a principal address at 1 Terminal Dr., Suite 404, Nashville, Tennessee 37214-4110.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391. As set forth in Paragraphs 6-8 below, the property which is the subject of this action is situated in this judicial district, thereby triggering venue under 28 U.S.C. §1391(b)(2).

**Facts About The Aircraft At Issue**

6. RadAir is the owner of a certain Bombardier Challenger 350 Aircraft, MSN # 20748, Registration N10SE (the "Challenger 350").

7. The Challenger 350 is an aircraft configured to seat executive passengers and is equipped for a role as a VIP corporate aircraft. To date, there are less than 300 aircraft of the same model as the Challenger 350 in operation across the world.

8. RadAir keeps and hangars the Challenger 350 in Memphis, Tennessee, at 2420 Winchester Road, Memphis, TN. The Challenger is and has been dry-leased to Mid South Jets, Inc., which is an FAA-certificated Part 135 charter operator. Mid South Jets uses the Challenger in its normal course of business for charter flights to affiliates of RadAir and other third parties. The Challenger 350 is, and has been, kept and maintained under the manufacturer's recommended maintenance program.

**Facts About The Incident That Damaged The Aircraft**

9. On or about February 2, 2019, Mid-South Jets flew the Challenger 350 to SFO-San Francisco (California) airport, and properly parked it at Signature Flight Support in a parking area designated for aircraft.

10. At approximately 11:40 a.m. P.S.T., on February 2, 2019, while the Challenger 350 continued to be properly parked, a large unsecured "air stair" traveled across the airline ramp and into the aircraft parking area, violently striking the Challenger 350 in the tail section and causing significant damage thereto (the "Incident"). The Incident was captured on video by an airport surveillance camera.

11. At the time of the Incident, the "air stair" was owned and operated by Defendant, and/or otherwise, under the possession, custody and control of Defendant.

12. The Incident occurred because Defendant failed to properly secure and restrain the "air stair," which Defendant then left unattended.

13. The damage to the Challenger 350 that was caused by the Incident necessitated multiple repairs to the Challenger 350, including but not limited to repairs to the nacelle and thrust reverser of the left-hand engine, trailing edge of the pylon, and fairing panel.

14. All of the aforementioned repairs to the Challenger 350 that were necessitated by the Incident have been completed.

15. Defendant has acknowledged responsibility for the Incident and resulting damage.

16. At the time of the Incident, the Challenger 350 had less than 120 hours of use with no previous damage having been sustained.

17. Because of the Incident, the Challenger 350 is now forever stigmatized and tagged as a damaged or repaired aircraft, which not only reduces its value, but also increases the length of time for exposure to the marketplace, as prospective buyers first look for non-damaged or repaired airplanes, even at higher prices.

18. The diminution in value to the Challenger 350 caused by the Incident totals at least one million six hundred eighty-five thousand dollars ($1,685,000.00).

## Count I – Negligence

19. The allegations in Paragraphs 1 through 18 above are incorporated herein by reference.

20. Defendant owed a duty to RadAir to maintain proper control over its "air stair," including a duty to secure and restrain the "air stair" such that it would not roll unattended across the airport ramp and into the aircraft parking area, and so as to prevent the "air stair" from impacting parked aircraft, such as the Challenger 350.

21. Defendant breached that duty when it permitted its "air stair" to not be restrained and secured, such that it rolled unattended across the airport ramp and into the aircraft parking area, until it violently impacted the properly parked Challenger 350, thereby causing the Incident to occur.

22. Defendant's breach of its duty directly and proximately caused RadAir to suffer damages to the Challenger 350, including the diminution in value of the Challenger 350.

23. Prior to filing this action, RadAir repeatedly demanded that Defendant pay for the diminution in value of the Challenger 350.  Defendant, however, has paid nothing for the diminution in value of the Challenger 350.  Accordingly, RadAir demands compensatory damages to be paid by Defendant in an amount of at least one million six hundred eighty-five thousand dollars ($1,685,000.00) for the diminution in value to the Challenger 350.

24. In addition, Defendant's acts that caused the Incident were intentional or reckless, thereby entitling RadAir to punitive damages.  Accordingly, RadAir demands that it be awarded punitive damages to be paid by Defendant.

**WHEREFORE**, RadAir prays the Court for the following relief:

A. Judgment in favor of RadAir and against Defendant, together with interest at the highest legal rate until paid in full;

B. An award of compensatory damages in an amount of at least one million six hundred eighty-five thousand dollars ($1,685,000.00) for the diminution in value to the Challenger 350.

C. An award of punitive damages in an amount of at least five million dollars ($5,000,000.00) to be paid to RadAir by Defendant;

D. The taxing of all costs of this action, including but not necessarily limited to court costs and discretionary costs, to Defendant; and

E. An award for RadAir for such other relief as the Court deems just and appropriate.

DATED this 16th day of April 2020.

Respectfully submitted,

**RADAIR, LLC**

s/ Gary L. Edwards
Gary L. Edwards, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
P.O. Box 3038
Johnson City, TN  37602
TN Bar No. 20058; NC Bar No. 27553;
VA Bar No. 44848
(423) 928-0181 (phone)
(423) 928-5694 (facsimile)
gedwards@bakerdonelson.com

*Counsel for Plaintiff RadAir, LLC*