IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RADAIR, LLC,

    Plaintiff,

v.                                                       No. 2:20-cv-02286-MSN-cgc

ALASKA AIRLINES, INC., and
MCGEE AIR SERVICES, INC.,

    Defendants.

## ORDER CLARIFYING COMPENSATORY DAMAGES UNDER NEVADA LAW

Before the Court is Defendants Alaska Airlines and McGee Air Services' ("Defendants") Brief Regarding Compensatory Damages Choice of Law, filed on April 15, 2022, (ECF No. 102), and Plaintiff Radair LLC's ("Plaintiff") Response Brief Regarding Compensatory Damages Choice of Law, filed on April 29, 2022. (ECF No. 104.) The Court granted the parties' request to file these supplemental briefs to determine choice of law for compensatory damages. (*See* ECF No. 101.) For reasons discussed below, the Court finds that (1) Nevada substantive law applies to the damages at issue in this matter and (2) Plaintiffs may recover compensatory damages based on residual depreciation of fair market value after repairs.

## DISCUSSION

While the pleadings style the parties' disagreement as one over choice of law, neither party disputes that Nevada law governs the compensatory damages sought in this litigation. (ECF No. 102 at PageID 1420; ECF No. 104 at PageID 1428.) This consensus tracks the Court's reasoning in its earlier Order that the place of injury is in fact Nevada because Plaintiff is a citizen thereof.

(ECF No. 96 at PageID 1389.) *See Maverick Grp. Mktg. v. Worx Envtl. Prods.*, 99 F. Supp. 3d 822, 839 (W.D. Tenn. 2015) ("[T]he law of the place of injury will normally apply unless another state has a more significant relationship to the occurrence and the parties . . . ."); Restatement (Second) of Conflict of Laws § 145 cmt. f. (Am. Law Inst. 1971) (monetary losses "will normally be felt most severely at the plaintiff's headquarters or principal place of business."); *see also Danziger v. Ford Motor Co.*, 402 F. Supp. 2d 236, 239 (D.D.C. 2005) ("The District of Columbia, *home of the Plaintiffs* both when the Explorer was purchased and when the accident occurred, is interested in their *compensatory* recoveries but not punitive damages.") (emphasis added). Therefore, and without objection, the Court concludes Nevada law governs compensatory damages in this matter.

Rather than choice of law, the issue properly before the Court is whether Nevada law permits Plaintiff to recover compensatory damages in the amount of residual depreciation after repairs. Defendants cite *Union Pac. R.R. Co. v. Winecup Ranch, Ltd. Liab. Co.*, No. 3:17-cv-00477-LRH-CLB, 2022 WL 181220, at *1 (D. Nev. 2022) and *TM & KKH, Inc. v. First Jud. Dist. Ct. of State ex rel. Carson City*, No. 52962, 281 P.3d 1225, at *1 (Nev. 2009) ("*TM*") for the proposition that "[t]he law of Nevada generally follows the Second Restatement" of Torts, which provides in § 928 that a plaintiff's compensatory "damages include compensation for (a) the difference between the value of the chattel before the harm and the value after the harm, or at his election in an appropriate case, the reasonable cost of repair or restoration, with due allowance for any difference between the original value and the value after repairs, and (b) the loss of use." Restatement (Second) of Torts § 928 (1979). (ECF No. 102 at PageID 1413–14.) Relying on these cases, Defendants conclude that although "Nevada awards compensatory damages for injured personal property measured by *either* cost of repair and loss of use *or* difference in pre-

injury value and post-injury (pre-repair) value of personal property," it "does *not* allow a plaintiff to elect to receive cost of repair damages if those would exceed the decrease in value to the property [because of] that damage but before repair." (*Id.*) (emphasis added).

Plaintiff disputes Defendants' characterization of Nevada law, specifically arguing that: (1) *Winecup Ranch* is inapposite because it "dealt with damages to real property in the context of Restatement (Second) of Torts § 929 (1979)" and *not* § 928; (2) § 928 "expressly permits recovery for post-repair diminution in value"; (3) *TM* also does not address § 928 and is therefore inapposite; and (4) the proper governing law is *Mort Wallin v. Com. Cabinet Co.*, 784 P.2d 954 (Nev. 1989), which affirmed the district court's damages award for cost of repairs but not diminution of value because the plaintiff provided an inadequate evidentiary basis to justify the latter. (ECF No. 104 at PageID 1429–33.) Plaintiff also distinguishes repairs completed to the *function and appearance* of the aircraft from repairs to the *value* of the aircraft, (*id.* at PageID 1430 n.3), citing secondary sources as persuasive authority to suggest that the aircraft at issue can be cosmetically repaired without having its value restored—just like an automobile damaged in a collision.[1] (*Id.* at PageID 1432–33.) Finally, Plaintiff cites Nevada Pattern Jury Instruction 10.09 for the proposition that a plaintiff may recover residual depreciation in the fair market value of personal property after repairs. (*Id.* at PageID 1429.) For clarity, the Court will organize its analysis into two parts.

***First***, the Court finds persuasive Plaintiff's argument that *Winecup Ranch* must be distinguished from the case at bar because it involved a dispute over costs associated with "rebuilding the earthen embankments and culvert structures washed out during the at issue flood event," in other words *real* property under § 929 of the Second Restatement and not *personal*

---

[1] The secondary materials cited by Plaintiff are not persuasive because they discuss diminished value claims for car insurance—claims that depend specifically on enacted state law. *See* NRS 485.3091 (2010). Yet, the Court need not invoke them to resolve the parties' dispute.

property—like the damaged aircraft here—that would be subject to § 928. 2022 WL 181220, at *1, 4. Moreover, the *Winecup Ranch* court referenced a tranche of other cases regarding diminution in value and compensatory damages, each of which involved real estate disputes. *See, e.g.*, *Wells Enters. v. Wells Bloomfield, LLC*, 989 F. Supp. 2d 1055, 1059 (D. Nev. 2013) (soil contamination); *Richfield Oil Corp. v. Harbor Ins. Co.*, 452 P.2d 462, 467 (Nev. 1969) (burned building); *Harvey v. Sides Silver Mining Co.*, 1 Nev. 539, 543 (1865) (destroyed home cellar); *Watt v. Nevada C. R.R.*, 44 P. 423, 428 (Nev. 1896) (burned hay lot). Thus, the case law relied upon by the U.S. District Court for the District of Nevada to decide *Winecup Ranch* addressed damages to real property and this Court distinguishes *Winecup Ranch* from the facts before it here.

***Second***, while Plaintiff correctly notes that the Restatement (Second) of Torts § 928 allows recovery in "due allowance for any difference between the original value and the value after repairs," nothing suggests that Nevada has adopted this approach and neither party has presented Nevada authority that applies it—nor can the Court discern any. However, the Nevada Supreme Court has not been silent on how courts should treat compensatory damages under state law. In *Mort Wallin*, the Nevada Supreme Court affirmed a damages "award for cost of remedial repair" but reversed an award for "the amount in diminution of property value" because the plaintiff failed to carry his burden as to the latter.[2] 784 P.2d at 955–56. The *Mort Wallin* court did not foreclose the possibility that the plaintiff could have been entitled to the amount of diminution in property

---

[2] Plaintiff argues that *TM* deserves little weight because it is an "unpublished disposition" that "generally cited" another case from California applying Iowa law to a unique set of facts and does not address § 928. (ECF No. 104 at PageID 1434.) Indeed, the Nevada Supreme Court in *TM* only made *general* observations about diminution of value in Nevada, nothing suggests that Nevada follows the § 928 approach, and—most importantly—*TM* does not overrule the published decision in *Mort Wallin*. Even if the *Mort Wallin* and *TM* dispositions are in tension, and the Court is not certain that they are and makes no such pronouncement, the published decision controls. Therefore, without more, the Court must apply *Mort Wallin* and not *TM* here. *See Honigman v. Comerica Bank*, 128 F.3d 945, 948 (6th Cir. 1997) (unpublished decisions are not binding).

value had it carried its burden. (*Id.*) Put differently, and consistent with Nevada Pattern Jury Instruction 10.09, compensatory damages available under Nevada law in a particular case may *contemplate* any property value diminution that results from the tort in question when adequate proof has been presented. (ECF No. 104-1 at PageID 1439.) Therefore, based on the foregoing, this Court reasonably concludes that Nevada law does not bar Plaintiff from recovering compensatory damages based on residual depreciation in the fair market value after repairs—provided that the proof presented at trial warrants such relief.[3] *See, e.g.*, *Mort Wallin*, 784 P.2d at 956 ("The case required qualified expert testimony about diminution in value or other equally competent evidence on the issue."); *Yount v. Criswell Radovan, LLC*, 469 P.3d 167, 174 (Nev. 2020) (citing *Mort Wallin* and finding "an evidentiary basis for the amount awarded must exist").

## CONCLUSION

Based on the foregoing, the Court determines that Nevada law (1) governs the parties' dispute over compensatory damages and (2) does not bar Plaintiff from recovering compensatory damages based on diminution in value after repairs, provided there exists an "evidentiary basis for a reasonably accurate award of damages." *Gramanz v. T-Shirts & Souvenirs*, 894 P.2d 342, 346 (1995) (citing *Mort Wallin*, 784 P.2d at 955).

**IT IS SO ORDERED** this 21st day of June, 2022.

/s Mark S. Norris
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Plaintiff refers to Defendant's expert Kenneth Dufour as a "purported expert" throughout its brief even though the Court *denied* Plaintiff's Motion to Exclude the Testimony of Kenneth Dufour. (ECF No. 104 at PageID 1426.) The Court would clarify that Mr. Dufour's eligibility to testify at trial in an expert capacity has been settled by the Court's earlier Order. (ECF No. 94.)